UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SHIRLEY RASBERRY                                CIVIL ACTION NO. 25-cv-530

VERSUS                                          MAGISTRATE JUDGE HORNSBY

BROOKSHIRE GROCERY CO

**MEMORANDUM RULING**

Shirley Rasberry, represented by the Office of Jack M. Bailey, Jr., filed this civil action to recover damages she alleges she incurred when she tripped and fell in the parking lot of a Brookshire's grocery store. The parties consented to have the case decided by the undersigned magistrate judge, and the district judge entered an order of reference. Docs. 16 & 17.

A scheduling order was entered. Soon afterward, counsel for Plaintiff filed a motion to withdraw and reported that he served Plaintiff with a letter that stated his intent to withdraw. The motion to withdraw was also served on Plaintiff.

The court issued an order (Doc. 20) that granted the motion to withdraw. The order stated that Plaintiff was "strongly encouraged to retain new counsel" and granted until August 22, 2025, to either (1) enroll new counsel to represent her in this case or (2) file with the court a written statement that she intends to represent herself. The order warned: "Failure to take one of those steps prior to August 22, 2025 may result in Ms. Rasberry's case being dismissed, without further notice, for failure to prosecute." The docket sheet

indicates that a copy of the order was mailed to Ms. Rasberry at her home address as provided by her former attorney.

The August 22, 2025 deadline has passed, but there has been no action of record by Ms. Rasberry or an attorney acting on her behalf. The court provided ample time for Ms. Rasberry to secure new counsel or indicate her desire to proceed without counsel. Ms. Rasberry has not taken even the simple step of alerting the court that she desires to proceed on her own. It is highly unlikely that a plaintiff who is unwilling to take such a simple step is interested enough in her case to comply with the other more serious requirements of litigation. Attempting to proceed further with this action would be a waste of time and resources for the court and other parties. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances. Accordingly, this civil action is dismissed without prejudice for failure to prosecute.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 4th day of September, 2025.

_____
Mark L. Hornsby
U.S. Magistrate Judge